**Lonnell Eugene SMITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–297.**

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1985.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Lonnell Eugene Smith was tried before a jury and convicted of Robbery with Firearms, After Former Conviction of a Felony, in violation of 21 O.S.1981, § 801. The case was heard in the District Court of Tulsa County, the Honorable Margaret

Lamm, District Judge, presiding, and the defendant was represented by counsel. The jury set punishment at ten (10) years imprisonment. From the Judgment and Sentence entered on the verdict the defendant has perfected this appeal. We affirm.

On May 3, 1982, Lowell Harris was operating his gas station in Tulsa with his twelve-year-old nephew. He usually carried a .32 caliber revolver for his own protection, and he was carrying it in his pocket on that day. About 2:00 p.m. the defendant drove up and asked for five dollars worth of gas, for which he paid. Defendant began to complain about the price of the gas and Mr. Harris replied that he did not set the prices. Defendant pulled out a BB rifle, pointed it at Mr. Harris' head, and took Mr. Harris' pistol during the ensuing scuffle. Appellant then left the premises with the gun. At trial, appellant denied pointing his gun at Mr. Harris' head. He justified the taking of Harris' gun by saying he saw the gun in Harris' pocket and thought Harris was reaching for it.

Later that day police received a complaint of a shooting disturbance in front of the defendant's address. There was at that time an outstanding pick-up alert on the defendant for the robbery of Mr. Harris. Police entered the defendant's garage where he was arrested and removed via ambulance. A subsequent search of the garage uncovered the pistol lying on the rear axle of a car inside the garage and near where the defendant had been arrested. The pistol was seized.

After the jury had returned a verdict and set punishment, defense counsel asked for inquiry into the present competency of the defendant. Judge Lamm ordered him committed to the Eastern State Hospital for observation for 60 days. The staff doctors there decided he was dangerous and incompetent. Judge Lamm ordered him committed there for treatment until he could achieve competency to stand for sentencing. Proceedings were stayed until that time. During the defendant's commitment, defense counsel received a letter from one of the examining physicians stating that the defendant could not, in his opinion, have been competent during the trial. A Motion for New Trial, which was overruled, was prepared on the basis of this "newly discovered evidence." After appellant was restored to competency, he was sentenced on November 23, 1982.

I.

In his first assignment of error the appellant alleges the trial court committed reversible error in sentencing him because he was incompetent at trial. He did not raise the issue of present competency until after the jury had returned a verdict but before formal sentencing. In *Mitts v. State*, 345 P.2d 913, 917 (Okl.Cr.1959), this court said, "It is of great force that neither he [defense counsel] nor the trial judge sought to raise the issue of present sanity before rendition of the jury's verdict. Apparently, they were not impressed to the point of expressing a doubt of the defendant's present sanity as to prevent him from making a rational defense." The appellant was in the full view of the judge and defense counsel with whom he had worked to prepare the case, and there was no evidence adduced at trial that would have raised a doubt in the mind of the judge. Having in effect waived the defense of present incompetence by waiting until after the verdict was rendered, he is not now entitled to raise the issue in a Motion for New Trial. *Id.*

Petitioner cites only *Berwick v. State*, 94 Okl.Cr. 5, 229 P.2d 604 (1951), in support of his contention that he should have been granted a new trial on the basis of his motion. He contends knowledge of the appellant's incompetence at that time should be imputed to the trial judge and that the right to a hearing on present competency cannot be waived by the defendant. *Id.* 229 P.2d at 609–611. That case is inapposite, however, because there was evidence in that case sufficient to raise a legal doubt of present competence prior to rendition of a verdict. The language of waiver therein merely means that once the doubt has been raised a hearing cannot be

waived. There was no sufficient evidence in the present case to raise a legal doubt of competence until after the verdict had been rendered.

## II.

In his second assignment of error the appellant alleges that the trial court erroneously failed to quash his arrest and suppress the evidence gained as a fruit thereof.

■ First he contends that the entry of police into his garage without a warrant was illegal. We disagree. The warrantless entry was valid because of the existence of exigent circumstances. There was reason to believe that he was armed and dangerous. The officers were aware that he was wanted for an armed robbery committed earlier that day, that he had been involved in a shooting in front of his address, and was last seen running toward his garage with a gun. It was reasonable then to conclude that he might injure someone or flee if not immediately arrested. *See Chaney v. State,* 612 P.2d 269 (Okl.Cr. 1980), *modified* on other grounds, *sub nom. Chaney v. Brown,* 730 F.2d 1334 (10th Cir.1984). The time it took to get a key to the building, i.e., about four minutes, was not an inordinate delay during which a warrant could have been obtained. *See Lee v. State,* 661 P.2d 1345 (Okl.Cr. 1983). The exigent circumstances therefore justified the warrantless entry into appellant's garage in order to arrest him, and the trial court properly overruled the motion to quash the arrest.

■ The appellant further contends that it was reversible error to admit the stolen pistol into evidence because it was illegally seized by police. We do not agree. At trial Smith admitted he had taken Mr. Harris' gun from him. In *Dennis v. State,* 561 P.2d 88 (Okl.Cr.1977), this Court held that even if the seized weapon was improperly admitted at trial the error was harmless because it tended to prove only a fact conceded by the defendant. *See also Cowles v. State,* 636 P.2d 342 (Okl.Cr.1981); *Wade v. State,* 556 P.2d 275 (Okl.Cr.1976). This assignment of error is therefore without merit.

## III.

■ In his third assignment of error the appellant alleges that there was insufficient evidence to convict him of robbery with firearms under Title 21 O.S.1981, § 801. On the contrary, the State presented sufficient evidence on each element of the crime to establish a prima facie case. *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980). The prosecuting witness testified that the pistol was his own personal property, that it was taken from his person against his will, and that the appellant aimed a rifle at his head shortly before the taking. In addition, the appellant admitted several of the elements, such as the use of force, the taking, and the asportation. 21 O.S.1981, §§ 791, 801.

■ The appellant's main contention in challenging the sufficiency of the evidence is that the taking was not "wrongful." He offers Black's definition—"injurious, heedless, unjust, reckless, unfair"—in support of his claim. He also cites language in *Traxler v. State,* 96 Okl.Cr. 231, 251 P.2d 815 (1953), with which he argues that the taking must be "unfair" generally in order to be wrongful. On this basis he contends that Mr. Harris was illegally carrying a concealed weapon, therefore Smith was not acting wrongfully in removing it from him. Appellant's reliance on *Traxler* is misplaced. *Traxler* states, "The word 'wrongful' imports in its terms the infringement of some right, and 'wrongful taking' would seem to be any taking of personal property against the will of the possessor .... It is the infringement of the right that makes the act wrongful...." *Id.* at 250, 251 P.2d at 836. Never did Mr. Harris consent to the taking. That it was taken against his will is sufficient to support a finding of wrongfulness.

■ The appellant also challenges the sufficiency of the evidence showing that the gun was used to effect the taking, and he cites *Kernell v. State,* 53 Okl.Cr. 259, 10

P.2d 287 (1932), in support of his contention. In that case the defendant had pumped gasoline into his car at a service station and jumped back into the car without paying for the gas. As he was leaving, the proprietor tried to stop him and the defendant pulled a gun in order to make good his escape. It was held not to be an armed robbery because the weapon was not used to effect the taking. In the present case, however, Mr. Harris' testimony was sufficient to show that the appellant used the rifle to accomplish the actual taking. For these reasons the third assignment of error is meritless.

## IV.

Finally the appellant alleges that evidence of other crimes was erroneously admitted at trial in violation of the rule of *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). The defendant testified under re-direct examination that he had a detailed memory of the events of the day of the robbery because that was the day he was shot twice during the arrest. The prosecutor then re-cross examined Smith about the circumstances surrounding the arrest and shooting. When asked if the gun found with him was the same one he had taken from Mr. Harris he answered, "It's the same one. It falls apart like it fell apart on Mr. Price's counter." The prosecutor then asked who Mr. Price was. After defense objections were overruled Smith answered that Price was the man who claimed that the defendant shot at him several hours earlier.

The purpose of the *Burks* rule is to give notice to a defendant before his trial of evidence of other crimes that the State expects to offer in its case in chief. We have held that *Burks* does not require such notice before introducing such evidence in rebuttal because prosecutors may not know with certainty before trial what evidence may become relevant for rebuttal. *Freeman v. State*, 681 P.2d 84 (Okl.Cr. 1984). It is similarly difficult to anticipate the proper scope of cross or re-cross examination. In addition, the defendant invited questioning about the circumstances surrounding his arrest. As a general rule, any matter is a proper subject of cross examination which is responsive to testimony given on direct examination or which is material or relevant thereto and which tends to elucidate, modify, explain, contradict or rebut testimony given in chief by the witness. *Fite v. State*, 526 P.2d 956 (Okl.Cr.1974). In the present case the defendant testified that he had been shot twice by a police officer during his arrest. The prosecutor was properly permitted to inquire into the surrounding circumstances. This assignment is therefore without merit.

Accordingly, the judgment and sentence of the District Court is AFFIRMED.

PARKS, P.J. and BUSSEY, J., concur.