Max Raymond KENNEDY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–90–306.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1992.

Barry Derryberry, Asst. Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Steven S. Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

Max Raymond Kennedy, appellant, was tried by jury for the crime of Lewd Molestation in Case No. CRF–89–2574, in the

District Court of Tulsa County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at ten (10) years imprisonment. The trial court sentenced appellant accordingly. From this Judgment and Sentence, appellant appeals.

The facts at trial revealed that during the fall of 1988, appellant molested his three-year-old daughter, S.K. At trial, S.K. testified that when she would visit appellant at his apartment, he would stick a "stick in my pee pee," and that he put a "stick in my bottom too." S.K. further testified that the stick looked like appellant's penis.

The State next presented the testimony of Robert W. Block, M.D. Dr. Block was employed as a pediatrician by the Oklahoma College of Medicine, in Tulsa, Oklahoma. Dr. Block testified that on November 2, 1988, he examined S.K. in his office. Dr. Block averred that he examined her after the Department of Human Services requested a second medical evaluation to further delineate medical findings. Dr. Block testified that the first part of his evaluation involved obtaining a medical history through an interview of S.K. Dr. Block stated that the purpose in obtaining a medical history is two-fold: one, to obtain information concerning the child's developmental stage, and two, to obtain information concerning the medical history that has occurred. During the interview, S.K. told Dr. Block that her daddy, referring to appellant, had put "a stick in my hole." Dr. Block testified that S.K. told him that it had happened many times, that it hurt, and at one point stated, "that white stuff had come out of the stick." Dr. Block claimed that during the interview, that when S.K. used the term "stick," he was unable to discern whether she was referring to an inanimate object or a male penis.

Dr. Block testified that he then proceeded with the physical examination. During the physical examination, Dr. Block observed two things of concern: one, the edges of S.K.'s hymenal tissue appeared to be thickened and rolled over, and secondly, the opening of her vagina measured somewhere around eight or nine millimeters. Dr. Block stated that in cases of a pre-pubertal child, a measurement of five to six millimeters would be normal, but, he opined, a measurement of eight or nine millimeters is definitely outside that scope. Finally, Dr. Block claimed that he had only seen rolled, thickened hymenal tissue in children in cases involving sexual abuse. Dr. Block stated that it was his conclusion, based on the history given by S.K. and his physical examination, that S.K. had been sexually molested.

The State's next witness was Diane Roberts, S.K.'s mother. Ms. Roberts testified that she noticed a scratch on S.K.'s face in February and inquired as to what had happened. S.K. replied that her daddy had scratched her face and grabbed her pee pee. When Ms. Roberts inquired further the next day, S.K. responded that her daddy had put his finger "in her hole." Ms. Roberts stated that the topic was dropped until one night in August while she was putting S.K. to bed. As Ms. Roberts leaned over to kiss S.K. good night, S.K. stuck her tongue in her mother's mouth and moved it around. As Ms. Roberts pushed her away and asked what she was doing, S.K. stated, "kiss me like that, mommy." When Ms. Roberts asked S.K. who kissed her like that, S.K. replied, "Daddy." Finally, on October 2, 1988, after S.K. had been brought home by appellant, S.K. started crying and told her mother that her pee pee hurt. When asked why it hurt, S.K. replied, "because my Daddy stick a stick in my pee pee." Ms. Roberts testified that she did not want to believe what S.K. had told her, but after the same thing happened the next weekend, she decided to report it to the Department of Human Services and the police.

The State's final witness was Amy Ward, a social worker with the Department of Human Services. Ms. Ward testified that on October 17, 1988, she conducted an interview with S.K. Ms. Ward stated that as soon as S.K. sat down in the interview room, she said, "Daddy puts a stick in me." After further questions concerning who "Daddy" was, S.K. indicated "Daddy" was the appellant.

In his first assignment of error, appellant claims that the preliminary hearing magistrate bound him over to the district

court on the basis of improper and insufficient evidence.

The State's witnesses at the appellant's preliminary hearing were the same as presented at trial. However, at the preliminary hearing, S.K. refused to be cross-examined. Thus, the magistrate struck all of her testimony and declared her unavailable as a witness. Furthermore, at the conclusion of the preliminary hearing, the magistrate struck both Diane Roberts' and Amy Ward's testimony. (P.H.Tr. 151) The magistrate then ruled that the evidence propounded by Dr. Block was sufficient to bind over the appellant for trial.

At the preliminary hearing, the State is not required to present evidence sufficient to convict. *Johnson v. State,* 731 P.2d 424, 425 (Okl.Cr.1986). It is presumed that the State will strengthen its case at trial. *Id.* Furthermore, the State has only the burden at preliminary hearing to show that an offense has been committed, and probable cause to believe that the defendant committed the offense. *Matricia v. State,* 726 P.2d 900, 903 (Okl.Cr. 1986).

Appellant contends that none of the hearsay statements originating from S.K. were properly admissible. Hearsay is not admissible except as provided by law. *See* 12 O.S.1981, § 2802. One provision of the law permitting admission of hearsay statements is the "statements for purposes of medical diagnosis or treatment" exception. *See* 12 O.S.1981, 2803(4). This exception covers statements made to a doctor relating to medical history. 1 L.H. Whinery, *Oklahoma Evidence* 283 (1985).

A number of courts have recognized that in dealing with child sexual abuse, disclosure of the perpetrator may be essential to diagnosis and treatment. *See State v. Altgilbers,* 109 N.M. 453, 786 P.2d 680 (App.1989); *State v. Newby,* 97 Or.App. 598, 777 P.2d 994 (1989); *State v. Butler,* 53 Wash.App. 214, 766 P.2d 505 (1989); *State v. Robinson,* 153 Ariz. 191, 735 P.2d 801 (1987) and *People v. Galloway,* 726 P.2d 249 (Colo.App.1986). The court in *Robinson* stated that the rationale underlying the exception for statements made for purposes of treatment or diagnosis is that

doctors will seek and patients will give reliable information to further necessary medical treatment. 735 P.2d at 809. Thus, the crucial question is whether the declarant's out-of-court statements were reasonably pertinent to diagnosis or treatment. *Id.* In deciding whether the proffered statements were reasonably pertinent to diagnosis or treatment, most of the other jurisdictions have adopted a two-part test: (1) was the declarant's apparent motive consistent with receiving medical care, and (2) was it reasonable for the physician to rely on the information in diagnosis or treatment. *See also United States v. Iron Shell,* 633 F.2d 77, 83–84 (8th Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981) and *United States v. Renville,* 779 F.2d 430 (8th Cir.1985). We hereby adopt the same two-part test in determining the admissibility of a declarant's out-of-court statements for purposes of medical treatment or diagnosis.

Initially, the record in the present case is not absolutely clear regarding S.K.'s motive in making the identification of the perpetrator. However, her statement was made during the course of an interview with the doctor, which was for the purpose of diagnosis and treatment. Importantly, nothing in the record indicates that her motive was anything other than for treatment. Secondly, Dr. Block testified that a very important part of the medical evaluation is obtaining a medical history. Thus, it was important for diagnosis and treatment for the physician to know, inter alia, the identity of S.K.'s abuser. *See Newby,* 777 P.2d at 996; *Galloway,* 726 P.2d at 253; *Butler,* 766 P.2d at 509 and *Robinson,* 735 P.2d at 810. Therefore, we find S.K.'s statements to Dr. Block to be such as a physician would reasonably rely on for diagnosis or treatment, and thus, properly admissible.

We do find error, however, in the magistrate's decision to strike the testimony of Diane Roberts and Amy Ward. It appears from the record that the magistrate was utilizing 12 O.S.Supp.1984, § 2803.1 in his determination of the testimony's reliability. However, as the only burden on the State at the preliminary hearing is to establish probable cause,

*Johnson, supra,* we find no reason to conduct any 2803.1 hearing at the preliminary hearing stage. Indeed, the reliability or unreliability of any evidence goes toward establishing or failing to establish probable cause.

■ Thus, we find that based on all of the evidence in the record, there was competent evidence from which the magistrate, as trier of fact, could have reasonably concluded that there was probable cause to believe a crime had been committed, and that the appellant committed it.

■ In his second assignment of error, appellant contends that the trial court erred when it admitted into evidence certain hearsay statements made by S.K. without holding a hearing mandated by 12 O.S.Supp.1984, § 2803.1. When the appellant requested the hearing, the trial court overruled the motion finding that the evidence fit "an exception to the hearsay rule." (Tr. 20)

Title 12 O.S.Supp.1984, § 2803.1 provides,

A. A statement made by a child under twelve (12) years of age or younger, which describes any act of sexual contact performed with or on the child by another, is admissible in criminal and juvenile proceedings in the courts in this state if:
1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
2. The child either:
   a. testifies at the proceedings, or
   b. is unavailable as defined in Title 12 as a witness

When the child is unavailable as defined in Title 12 as a witness, such statement may be admitted only if there is corroborative evidence of the act.

B. A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement at least ten (10) days in advance of the proceedings to provide the adverse party with an opportunity to prepare to answer the statement.

In the present case, Dr. Block, Diane Roberts and Amy Ward were allowed to testify at trial concerning the statements made to them by S.K. The appellant reminds this Court that at the preliminary hearing, the testimony of Diane Roberts and Amy Ward had been stricken because the magistrate found no indications of reliability. Thus, appellant claims that in failing to hold the mandated hearing, the trial court committed reversible error.

In *Spears v. State,* 805 P.2d 681, 682 (Okl.Cr.1991), this Court discussed the fact that the trial court must conduct a hearing outside the presence of the jury to determine whether the time, content and circumstances of the statement provide sufficient indicia of reliability under 2803.1(A)(1). We find the need for such a hearing to be imperative in a case such as before us now. The preliminary hearing magistrate had found some of the testimony to be lacking any indications of reliability. Clearly, the mandated hearing for any statements made by a child twelve (12) years of age or younger describing any act of sexual contact performed with or on the child by another, would have either resolved any doubts or concerns about the testimony or confirmed its unreliability. Thus, we find that the trial court erred in failing to conduct the hearing mandated by 2803.1(A)(1).

Furthermore, after a review of the record, we are not convinced that the error was harmless. Such testimony could well have influenced the jury's decision. We therefore REVERSE this case for a new trial.

LUMPKIN, Vice–Presiding Judge: concur in results.

I concur in the results reached by the Court in this case, however, I cannot join in parts of the analysis provided.

Initially, the Court finds a reliability determination of 12 O.S.Supp.1984, § 2803.1 evidence is not required for admissibility at preliminary hearing. A reading of the plain language of Section 2803.1 reveals statements of the type identified in the statute are *"admissible* in criminal and juvenile proceedings in the Courts in this

state *if*" the criteria set forth in the statute are met, this includes the reliability determination. (emphasis added) Therefore, the issue is admissibility, not weight and credibility.

I agree with the Court's adoption of a two-part test for determining if the proffered statements were reasonably pertinent to diagnosis or treatment. However, it must be remembered that the "statements for purposes of medical diagnosis or treatment" exception contained in Section 2803(4) is not restricted to children twelve (12) years of age or younger as are the provisions of Section 2803.1 evidence. The Court's analysis, while tailored to the facts of this case, gives the impression it is limited to those facts. Practitioners and trial judges must ensure the application of the rules applicable to Section 2803.1 and Section 2803(4) evidence are not skewed or confused. The predicates to admissibility are different and the requirements for use are dictated by the predicate provided by the evidence.