2013 OK CR 6

**The STATE of Oklahoma, Appellant,**

v.

**Moises JUAREZ, Appellee.**

**No. S–2012–462.**

Court of Criminal Appeals of Oklahoma.

April 9, 2013.

Ronald M. Fraley, Attorney At Law, Tulsa, OK, attorney for defendant in district court.

Amanda Self, Assistant District Attorney, Tulsa, OK, attorney for state in district court.

M.J. Denman, John M. Dunn, Tulsa, OK, attorneys for defendant on appeal.

Amanda Self, Benjamin Fu, Sarah McAmis, Assistant District Attorneys, Tulsa, OK, attorneys for State appellant on appeal.

---

**4.** 51 O.S.2011, 24A.2.

## SUMMARY OPINION

SMITH, Vice Presiding Judge.

¶ 1 On December 23, 2011, Moises Juarez (a.k.a. "Moses Juarez") was charged by Information in the District Court of Tulsa County, Case No. CF–2011–4899, with one count of Lewd Molestation, under 21 O.S.Supp.2008, § 1123 (Count I). On March 13, 2012, a preliminary hearing was held in the case before the Honorable Deborah Ludi–Leitch, Special Judge. At the conclusion of the hearing, counsel for Juarez demurred. The Honorable Ludi–Leitch overruled this demurrer and bound Juarez over for trial on the charge of lewd molestation.

¶ 2 On April 20, 2012, Juarez filed a Motion to Quash for Insufficient Evidence and a brief in support of this motion. On May 15, 2012, the Honorable William C. Kellough, District Judge, held a hearing on this motion. The court noted that it had reviewed the transcript of the preliminary hearing and the briefs of the parties. The court then heard argument from both sides on the motion. At the conclusion of the hearing, the court sustained Juarez's motion to quash, finding that the evidence presented at preliminary hearing was not sufficient to bind him over for trial. The State now appeals this district court ruling, under 22 O.S.2011, § 1053(4), and the matter is properly before this Court.

¶ 3 The December 2011 Information filed in this case charged that during the year 2009, Moises Juarez, who was 34 or 35 years old at the time, put his mouth on the vagina of "N.S.," a female child, who was either 8 or 9 years old at the time. Amy Nicole Howard, a "child specialist" employed by Tulsa's Child Abuse Network, was the only witness who testified at the preliminary hearing regarding N.S.'s account of what Juarez did to her. Howard testified that she interviewed eleven-year-old N.S. on December 19, 2011, at the Justice Center in Tulsa.

¶ 4 The State argues in this appeal that the district court committed clear error by sustaining Defendant Juarez's motion to quash for insufficient evidence. The State further argues that the district court committed a "manifest abuse of discretion" by failing to hold a reliability hearing, under 12 O.S., § 2803.1, prior to "excluding" the hearsay statements of N.S.[1] Juarez, on the other hand, maintains that the district court correctly sustained his motion to quash "because of a lack of competent evidence," claiming that the testimony of Howard at preliminary hearing was "inadmissible," because the State failed to comply with the disclosure/notice requirements of § 2803.1(B). Juarez also argues that the district court properly sustained his motion to quash both because: (1) the court found that Howard was not a reliable source for accurately reporting the hearsay statements of N.S.; and (2) the statements of N.S. reported by Howard did not establish probable cause to believe either that the crime of lewd molestation was actually committed or that Juarez committed this crime.

¶ 5 This Court reviews a district court's decision to grant a motion to quash for insufficient evidence to determine if the decision was clearly erroneous. See State v. Heath, 2011 OK CR 5, ¶ 9, 246 P.3d 723, 725; State v. Berry, 1990 OK CR 73, ¶ 14, 799 P.2d 1131, 1134. The parties agree that 12 O.S., § 2803.1 and this Court's decision in Kennedy v. State, 1992 OK CR 67, 839 P.2d 667, which interprets the significance of § 2803.1 in the context of a preliminary hearing, are at the heart of their dispute. They agree on little else.

¶ 6 In Kennedy, this Court addressed a number of claims regarding the proper interpretation of 12 O.S., § 2803.1 in the context of a lewd molestation case.[2] In particular, this Court addressed the defendant's claim that he should not have been bound over and the fact that the preliminary hearing judge

---

1. The State is here taking a position that is the exact opposite of the position it took in the district court, when it argued that a § 2803.1 reliability hearing is "not allowable" at preliminary hearing.

2. Unlike the current case, the defendant in Kennedy had already been convicted of lewd molestation; and this Court was addressing claims on appeal relating to both the preliminary hearing and the trial in that case. See Kennedy v. State, 1992 OK CR 67, 839 P.2d 667.

struck the testimony of two of the State's witnesses at the preliminary hearing.[3] We found that the preliminary hearing judge erred in striking the testimony of the two State witnesses. 1992 OK CR 67, ¶ 13, 839 P.2d at 670. We wrote as follows:

> It appears from the record that the magistrate was utilizing 12 O.S.Supp.1984, § 2803.1 in his determination of the testimony's reliability. However, as the only burden on the State at the preliminary hearing is to establish probable cause, ... we find no reason to conduct any 2803.1 hearing at the preliminary hearing stage. Indeed, the reliability or unreliability of any evidence goes toward establishing or failing to establish probable cause.

*Id.* at ¶ 13, 839 P.2d at 670–71 (citation omitted). This Court then concluded, based on all the evidence in the record, that there was adequate evidence in the record to bind the defendant over for trial. *Id.* at ¶ 14, 839 P.2d at 671.[4]

¶ 7 The portion of *Kennedy* quoted above remains good law, though it seems to be causing some confusion among the parties in this case. We hereby reaffirm *Kennedy* in this regard and find as follows in the context of the current case.

 ¶ 8 Title 12, § 2803.1 is primarily intended to establish the standard for when the hearsay statements of a child under age 13, about the physical or sexual abuse of that child, can be admitted at trial.[5] As the language of § 2803.1 suggests—which refers to conducting the reliability hearing "outside the presence of the jury"—the reliability hearing requirement of § 2803.1 does not apply to preliminary hearings. Hence this Court reaffirms that § 2803.1 does *not* require that a preliminary hearing judge hold a "reliability hearing" before allowing the State to present evidence at preliminary hearing that includes hearsay statements of a child describing the physical or sexual abuse of that same child.

¶ 9 This does *not* mean, however, that § 2803.1 does not apply to preliminary hearings or that the "reliability" of the (hearsay)

---

3. *See id.* at ¶¶ 7–14, 839 P.2d at 669–71. After the victim in the *Kennedy* case (who was 3 years old at the time of the molestation alleged) refused to be cross-examined at the preliminary hearing, the court struck all of her testimony and declared her "unavailable" as a witness. At the conclusion of the preliminary hearing, the court also struck the testimony of the victim's mother and a social worker who had interviewed the victim. The court then bound the defendant over for trial on the basis of the testimony of the victim's doctor. *Id.* at ¶ 8, 839 P.2d at 670.

4. Nevertheless, this Court then reversed the defendant's conviction in *Kennedy*, because the trial court failed to conduct the hearing mandated by § 2803.1 *at trial*, before allowing in the testimony of the victim's mother and the social worker. *Id.* at ¶¶ 5–18, 839 P.2d at 671.

5. The current version of § 2803.1, as it relates to the hearsay statements of a child under age 13 about physical or sexual abuse, states as follows:

A. A statement made by a child who has not attained thirteen (13) years of age ..., which describes any act of physical abuse against the child ... or any act of sexual contact performed with or on the child ... by another, is admissible in criminal and juvenile proceedings in the courts in this state if:
1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and totality of circumstances surrounding the taking of the statement provide sufficient indicia of reliability so as to render it inherently trustworthy. In determining such trustworthiness, the court may consider, among other things, the following factors: the spontaneity and consistent repetition of the statement, the mental state of the declarant, whether the terminology used is unexpected of a child of similar age ..., and whether a lack of motive to fabricate exists; and
2. The child ... either:
a. testifies or is available to testify at the proceedings in open court or through an alternative method ... [describing acceptable "alternative methods"], or
b. is unavailable as defined in Section 2804 of this title as a witness. When the child ... is unavailable, such statement may be admitted only if there is corroborative evidence of the act.

12 O.S.2011, § 2803.1(A). The omitted portions above relate to such statements when they are made by an "incapacitated person," as defined by 43A O.S., § 10–103d. *See id.* The other portion of § 2803.1 establishes the kind of notice that must be provided regarding such statements. *See* 12 O.S.2011, § 2803.1(B) (requiring proponent of child hearsay statement to make known to adverse party its intent to offer such statement "and the particulars of the statement" at least 10 days prior to the proceeding at issue, "to provide the adverse party with an opportunity to prepare to answer the statement"). This Court notes that § 2803.1 was last modified in 2004.

child statements that are being presented by the State is not at issue at preliminary hearing. In this context especially, when the State is being allowed to present hearsay testimony to attempt to establish that a crime was committed by the defendant—either to show that the defendant should be bound over for trial at preliminary hearing *or* to show that he should be convicted at trial—the reliability of the hearsay testimony presented is *always* at issue.[6] And § 2803.1 lists various "factors" that can be considered in making the determination of whether the entire context of the hearsay statement(s) at issue provides "sufficient indicia of reliability so as to render [the hearsay] inherently trustworthy." The language of § 2803.1 makes clear, however, that the factors listed therein are not the only factors that can be considered in making this fundamental reliability/"trustworthiness" determination. *See* 12 O.S.2011, § 2803.1(A) (listing factors that "the court may consider, among other things," when "determining such trustworthiness").

¶ 10 In the current case, the district court quite reasonably found that the testimony of Amy Howard—summarizing eleven-year-old N.S.'s statements to Howard about a single occasion during which Juarez allegedly sexually molested N.S.—was simply not reliable enough to allow the court to bind Juarez over for trial.[7] It is worth noting that in this case, the district court questioned the reliability of Howard's testimony on two distinct bases: (1) whether Howard was able to reliably *report* what N.S. told her, since Howard had no notes from her interview with N.S. and seemed to have remarkably little independent recollection of the context and content of the interview, and (2) whether the (hearsay) interview statements of N.S. alleging a specific act of sexual molestation by Juarez

(2 or 3 years earlier) were themselves reliable enough to establish probable cause, since N.S. also contemporaneously told Howard, multiple times, that she thought the act of molestation she was describing "was a dream" and that N.S. herself didn't "know if it was a dream."[8] The district court further noted that N.S.'s references to "they" (rather than "he") when describing the person (or persons) who molested her made N.S.'s statements about what allegedly happened even less reliable and trustworthy.

¶ 11 This Court has repeatedly held that at preliminary hearing, the State is required to present sufficient evidence to establish (1) probable cause that a crime was committed, and (2) probable cause to believe that the defendant committed the crime. *See, e.g., Heath,* 2011 OK CR 5, ¶ 7, 246 P.3d at 725; *Berry,* 1990 OK CR 73, ¶ 2, 799 P.2d at 1132; *see also* 22 O.S.2011, §§ 258, 264. We have recognized that while the State is not required to prove the defendant's guilt with certainty, the State must establish that it is *reasonable* to believe that the defendant committed the offense(s) at issue. *Heath,* 2011 OK CR 5, ¶ 7, 246 P.3d at 725; *Berry,* 1990 OK CR 73, ¶ 10, 799 P.2d at 1133. The State is entitled to the presumption that it will strengthen its evidence at trial. *Id.* Nevertheless, "the evidence at preliminary hearing must coincide with guilt and be inconsistent with innocence." *See State v. Davis,* 1991 OK CR 123, ¶ 7, 823 P.2d 367, 369.

¶ 12 This Court concludes that the decision of the district court to grant Juarez's motion to quash for insufficient evidence was *not* clearly erroneous. The Honorable William C. Kellough quite reasonably concluded that the evidence presented by the State at preliminary hearing was not sufficient to bind Juarez over on the charge of lewd molestation. The hearsay testimony presented by

---

**6.** Hence this Court strongly rejects the State's repeated claim in this case that it was inappropriate at the preliminary hearing stage for the court to even *consider* the reliability of the hearsay testimony proffered by the State under § 2803.1.

**7.** It should be noted in this regard that contrary to the State's assertion, the district court did not "exclude" Howard's testimony; the court simply found it unreliable, as detailed *infra.*

**8.** In fact, the summary of Howard's interview with N.S. that was provided to defense counsel states that the discussion of this abuse/dream concluded with N.S. stating that she "doesn't remember if it was a dream or not" and that N.S. could not think of anything that would help her know "if it was a dream or for real."

the State under § 2803.1 was questionable on many levels-most importantly, the fact that the non-testifying victim repeatedly told the person who questioned her that she, herself, was not sure if the lewd molestation she was accusing Juarez of committing had actually occurred or if the encounter she was describing was just "a dream." This Court declines to address the other arguments raised by the parties herein, as these other arguments are either moot or unnecessary to this Court's decision.[9]

### Decision

¶ 13 The decision of the district court sustaining Juarez's motion to quash based upon insufficient evidence is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2013), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON and A. JOHNSON, JJ.: · concur.

LUMPKIN, J.: specially concurs.

LEWIS, P.J.: concurs in results.

LUMPKIN, Judge: Specially Concurring.

¶ 1 I compliment my colleague for her analysis and agree that 12 O.S.2011, § 2803.1, concerns admissibility and that the weight and credibility of such evidence is always at issue. *Kennedy v. State,* 1992 OK CR 67, ¶ 2, 839 P.2d 667, 671–72 (Lumpkin, V.P.J., concurring in results). Therefore, I concur in the result reached.

¶ 2 I write further to point out that this Court reviews appeals pursuant to 22 O.S. 2011, § 1053 to determine if the trial court abused its discretion. *State v. Love,* 1998 OK CR 32, ¶ 2, 960 P.2d 368, 369. Within that test "clearly erroneous" is but one component. It is not a separate test. *See Underwood v. State,* 2011 OK CR 12, ¶¶ 1–2, 252 P.3d 221, 259 (Lumpkin, J., concurring in result) ("While the abuse of discretion standard includes an evaluation of whether the

judge's decision is clearly erroneous, we have not adopted a separate standard labeled 'clear error.' ").

---

9. This Court likewise declines to speculate on issues that are outside the scope of the current controversy and not raised by the parties, such as the applicability of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and its progeny to 12 O.S., § 2803.1.