REVILLA v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:REVILLA v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 REVILLA v. STATE
2019 OK CR 30
Case Number: F-2018-929
Decided: 12/19/2019
ANDREW JOSEPH REVILLA, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 30, __ __

 

 



S U M M A R Y O P I N I O N




KUEHN, VICE PRESIDING JUDGE:


¶1 Appellant, Andrew Joseph Revilla, was convicted by a jury in Jackson County District Court, Case No. CF-2017-62, of two counts of Lewd Molestation of a Minor, and one count of Forcible Sodomy. On August 29, 2018, the Honorable Clark E. Huey, Associate District Judge, sentenced him in accordance with the jury's recommendation to twenty years imprisonment on each count, and ordered the sentences to be served consecutively. Appellant must serve 85% of these sentences before parole consideration. 21 O.S.Supp.2015, § 13.1(15), (18).

¶2 Appellant raises five propositions of error in support of his appeal:

PROPOSITION I. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, AS TRIAL COUNSEL NEGLECTED TO FILE A MOTION TO QUASH AFTER THE STATE FAILED TO PRESENT SUFFICIENT COMPETENT EVIDENCE AT THE PRELIMINARY HEARING.

PROPOSITION II. IMPROPER EVIDENCE OF OTHER CRIMES AND BAD ACTS RENDERED APPELLANT'S TRIAL FUNDAMENTALLY UNFAIR.

PROPOSITION III. AN OVERLY BROAD LIMITING INSTRUCTION ON IMPEACHMENT EVIDENCE RENDERED APPELLANT'S TRIAL FUNDAMENTALLY UNFAIR.

PROPOSITION IV. PROSECUTORIAL MISCONDUCT PREVENTED A FAIR TRIAL.

PROPOSITION V. CUMULATIVE ERRORS PREVENTED A FAIR TRIAL.

¶3 After thorough consideration of these propositions, the briefs of the parties, and the record on appeal, we affirm. Appellant and his girlfriend, Stephanie Garcia, were jointly tried and convicted of sexually abusing Appellant's minor relative. The child testified at preliminary hearing and at trial. Appellant does not challenge the sufficiency of the evidence to support his convictions, but claims various errors require relief.

¶4 In Proposition I, Appellant claims his trial counsel was deficient for failing to seek dismissal of the case after preliminary hearing, via a motion to quash for insufficient evidence. 22 O.S.2011, § 504.1. A claim that counsel did not provide reasonably effective assistance, grounded in the Sixth Amendment right to counsel, requires the defendant to show (1) professionally unreasonable performance and (2) a reasonable likelihood that the conduct affected the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 694 (1984); Sanchez v. State, 2009 OK CR 31, ¶ 98, 223 P.3d 980, 1012. In this situation, Appellant must show that if counsel had filed a motion to quash for insufficient evidence, it would have been granted, and that the State would have been unable to refile the prosecution and proceed to trial with additional evidence. See 22 O.S.2011, § 504.1(D) (granting a motion to quash for insufficient evidence does not bar further prosecution for the same offense).

¶5 Appellant's contention is that at preliminary hearing, the child victim was "unavailable" under 12 O.S.Supp.2014, § 2804(A)(3) because she testified to a lack of memory about some things. Because the witness was unavailable, he claims, her hearsay statements describing sexual abuse (her drawings and forensic interview) were insufficient to support bindover because they were not corroborated by other evidence, as required by 12 O.S.Supp.2013, § 2803.1(A)(2)(b).

¶6 We disagree. First, while the reliability of the witness's statement is always a concern, the requirements of § 2803.1 are not strictly applicable to preliminary hearings, where the goal is simply to determine if there is probable cause to hold the accused for trial. State v. Juarez, 2013 OK CR 6, ¶ 8, 299 P.3d 870, 872; Kennedy v. State, 1992 OK CR 67, ¶ 13, 839 P.2d 667, 670-71. Second, the parties stipulated that the examining magistrate could fully consider the hearsay evidence in question for purposes of preliminary hearing. Third, Appellant's claim that the child witness was "unavailable" under 12 O.S.Supp.2014, § 2804(A)(3) because she "[t]estifie[d] to a lack of memory of the subject matter of [her] statement," id., is not supported by the record.

¶7 A witness is "available" if she can be cross-examined about the matter for which she has been called. This Court has not previously addressed the issue of witness availability, under § 2804, in cases involving child witnesses. We agree with the conclusion of the Court of Civil Appeals in Matter of A.D.B., 1989 OK CIV APP 55, 778 P.2d 945, that witness availability is related to competency. In assessing the availability of a child witness under § 2804, the issue is simply whether the questioner is able to obtain confrontable testimony from the child. Id. at ¶ 8, 778 P.2d at 947. The availability of a child witness, particularly an alleged victim of abuse, may be affected not only by fading memory, but by guilt, fear, or the simple inability to appreciate the nature of judicial proceedings. See id. at ¶ 10, 778 P.2d at 948.

¶8 Being available means being able to answer questions. However, it does not guarantee that the answers will be particularly helpful to the questioner, and a witness is not necessarily unavailable just because she testifies to a lack of memory as to some facts. See United States v. Owens, 484 U.S. 554, 561-62 (1988); see also Omalza v. State, 1995 OK CR 80, ¶ 41, 911 P.2d 286, 301. A trial court's determination of whether a witness is unavailable as contemplated by § 2804 is reviewed for an abuse of discretion. Mathis v. State, 2012 OK CR 1, ¶ 20, 71 P.3d 67, 75. That determination may depend on the witness's age, the kind of the information she is being asked to relate, and any other relevant factor.

¶9 The child witness in this case testified at length, and was cross-examined by both Appellant's counsel and counsel for his co-defendant. Given her young age, the nature of the subject matter, the intimidating atmosphere of a court proceeding, and the fact that the events in question allegedly took place some two years before, it is not surprising that her answers to some of the questions put to her (such as the color of the defendants' pubic hair) were along the lines of "I don't know" or "I don't remember."[1] Nevertheless, the child positively and repeatedly described Appellant and his co-defendant intentionally engaging in sexual activity in her presence, and forcing her to view their private parts. After the parties questioned the child, the magistrate asked her about her prior forensic interview, where her answers were somewhat more detailed; she confirmed that what she had told the interviewer was the truth. Trial counsel was not deficient; given the applicable law, the stipulations by the parties, and the magistrate's expert handling of the hearing, there was no reasonable probability that a motion to quash for insufficient evidence would have led to dismissal of the charges. Proposition I is denied.

¶10 In Proposition II, Appellant claims the State introduced evidence that he had committed other crimes or bad acts, and that this evidence unfairly prejudiced him. First, we note that the State was not required to give pretrial notice of this evidence, because it was not offered in the State's case in chief, but only during cross-examination of Appellant's character witnesses. Smith v. State, 1985 OK CR 17, ¶ 14, 695 P.2d 864, 868. Appellant presented his mother, who testified that the victim was a liar with behavioral problems, and that her son was not capable of molesting a child. When cross-examining this defense witness, the prosecutor elicited the fact that Appellant and his co-defendant were methamphetamine addicts, that their own children were in State custody for this reason, and that Appellant had stolen his parents' property to fund his drug habit.[2] The prosecutor appeared to be attempting to impeach the credibility of Appellant's mother, who essentially testified as a character witness for her son. We need not decide if Appellant's drug habit and thievery were relevant to this end, or if any relevance was substantially outweighed by unfairly prejudicial effect (see 12 O.S.2011, §§ 2401-04), because defense counsel permitted the prosecutor to develop this line of inquiry quite substantially before lodging an objection. Woods v. State, 1977 OK CR 171, ¶ 12, 564 P.2d 249, 251. He also failed to object when counsel for Appellant's co-defendant asked the same witness about the couple's drug habit. When questionable evidence is not met with a timely objection, we review only for plain error, which requires the defendant to show an actual error that is plain or obvious, which affects the defendant's substantial rights and the outcome of the trial. Thompson v. State, 2018 OK CR 5, ¶ 7, 419 P.3d 261, 263. The victim's accusations were consistent, detailed, and credible, and we find no error here which might have unfairly tipped the scales toward conviction. Proposition II is denied.

¶11 In Proposition III, Appellant complains that the trial court omitted a portion of Oklahoma Uniform Jury Instruction 9-20, which explains how jurors are to treat any prior inconsistent statements made by witnesses. Appellant did not object to the instruction below, so we review only for plain error. Postelle v. State, 2011 OK CR 30, ¶ 86, 267 P.3d 114, 144-45. The trial court instructed the jury that prior inconsistent statements made by the victim could not be treated as substantive evidence, but only to impeach the credibility of her trial testimony. Appellant claims that because the victim's prior inconsistent statements were made under oath at preliminary hearing, they were not hearsay, and could indeed be considered as substantive evidence. He is correct, but we fail to see how the omitted second paragraph from OUJI-CR 9-20 would have advanced his defense or altered the outcome of the trial. Had it been given, the omitted text would have permitted the jury to consider the victim's accusations at preliminary hearing as substantive evidence of guilt. While the victim's testimony at preliminary hearing was not as detailed as her trial testimony, standing on its own it certainly did not exonerate Appellant and his co-defendant. We find no prejudice.[3] Proposition III is denied.

¶12 In Proposition IV, Appellant lists various instances of alleged prosecutor misconduct. For the most part, he did not object to this conduct below, and we review the comments he did not object to for plain error; relief is only granted if misconduct so infected the trial as to render it fundamentally unfair. Bramlett v. State, 2018 OK CR 19, ¶ 36, 422 P.3d 788, 799-800. As to Appellant's four complaints, we find as follows: (1) Although the prosecutor did elicit testimony about other bad acts committed by Appellant, we found in Proposition II that most of that testimony was not met with a timely objection, and that counsel for Appellant's co-defendant elicited similar evidence without complaint; hence, we found no grounds for relief. (2) The prosecutor did not comment on facts not in evidence by merely asking a defense witness a question that did not even suggest a particular answer. Williams v. State, 2008 OK CR 19, ¶ 108, 188 P.3d 208, 228. (3) The prosecutor did not personally vouch for the victim's credibility by saying that her allegations had the ring of truth. Pickens v. State, 2001 OK CR 3, ¶ 42, 19 P.3d 866, 880. (4) The prosecutor did not plainly err by mentioning the possible lifetime effects of sexual abuse on a child. Carol v. State, 1988 OK CR 114, ¶ 10, 756 P.2d 614, 617. The cumulative effect of the prosecutor's questions and comments did not deny Appellant a fair trial. Proposition IV is denied.

¶13 In Proposition V, Appellant claims the cumulative effect of all errors identified above denied him a fair trial. We have already found that any possible error in Propositions II and III did not unfairly prejudice Appellant or affect the outcome of the trial. We find no cumulative effect regarding these claims which might mandate a different result. Baird v. State, 2017 OK CR 16, ¶ 42, 400 P.3d 875, 886. Proposition V is therefore denied.

DECISION

¶14 The Judgment and Sentence of the District Court of Jackson County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF JACKSON COUNTY
THE HONORABLE CLARK E. HUEY, ASSOCIATE DISTRICT JUDGE


 
 
 
 ATTORNEYS AT TRIAL

 KENNY GOZA
 123 W. COMMERCE STREET
 SUITE 224
 ALTUS, OK 73521
 COUNSEL FOR DEFENDANT

 DAVID THOMAS
 SOMMER ROBBINS
 FIRST ASSISTANT AND
 ASST. DISTRICT ATTORNEYS
 101 N. MAIN, ROOM 104
 ALTUS, OK 73521
 COUNSEL FOR THE STATE
 
 
 ATTORNEYS ON APPEAL

 CHAD JOHNSON
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 MIKE HUNTER
 ATTORNEY GENERAL OF OKLA.
 KEELEY L. MILLER
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 


 

OPINION BY KUEHN, V.P.J.


LEWIS, P.J.: CONCUR
LUMPKIN, J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR



FOOTNOTES


[1] Oklahoma law permits a child witness to testify by methods other than in open court, if the court finds that the traditional courtroom environment would cause serious emotional trauma which would substantially impair the child's ability to communicate with the finder of fact. 12 O.S.2011, § 2611.3 et seq. The goal of this statutory scheme is, in effect, to encourage the "availability" of child witnesses by creating an environment conducive to effective examination and cross-examination. In this case, the prosecutor asked that the child witness be questioned by the attorneys in an adjacent room, with a video feed to the courtroom where the defendants and the magistrate would remain. The court made the required statutory findings to permit that arrangement, and defense counsel expressed unqualified agreement with the procedure.



[2] During the State's case in chief, the prosecutor elicited testimony that Appellant and Garcia were barred from caring for other children, including the victim, because their own children were in the custody of the Department of Human Services. However, the prosecutor did not delve into why the couple's children were in State custody, so there was no reference to any other crime at that point. See Howell v. State, 1994 OK CR 62, ¶ 21, 882 P.2d 1086, 1091 (no reversible error where evidence of another crime was apparent only to defense counsel).



[3] Appellant points out that the second paragraph of this instruction was also omitted in Mitchell v. State, 2011 OK CR 26, 270 P.3d 160, overruled on other grounds in Nicholson v. State, 2018 OK CR 10, 421 P.3d 890. This Court found no plain error in Mitchell. Appellant tries to distinguish his case from Mitchell to warrant a different result. However, he overlooks a key fact. In Mitchell, the defense actually wanted the jury to believe the prior testimony, because it fit better with its alibi defense. Mitchell, 2011 OK CR 26, ¶¶ 100-04, 270 P.3d at 183-84. In other words, when viewed substantively and in isolation, the prior testimony in Mitchell arguably tended to exonerate the defendant.




 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 114, 756 P.2d 614, CAROL v. STATE
Discussed
 1977 OK CR 171, 564 P.2d 249, WOODS v. STATE
Discussed
 1992 OK CR 67, 839 P.2d 667, KENNEDY v. STATE
Discussed
 1994 OK CR 62, 882 P.2d 1086, HOWELL v. STATE
Discussed
 1995 OK CR 80, 911 P.2d 286, OMALZA v. STATE
Discussed
 2001 OK CR 3, 19 P.3d 866, 72 OBJ 388, PICKENS v. STATE
Discussed
 2008 OK CR 19, 188 P.3d 208, WILLIAMS v. STATE
Discussed
 2009 OK CR 31, 223 P.3d 980, SANCHEZ v. STATE
Discussed
 2011 OK CR 26, 270 P.3d 160, MITCHELL v. STATE
Discussed at Length
 2011 OK CR 30, 267 P.3d 114, POSTELLE v. STATE
Discussed
 2012 OK CR 1, 271 P.3d 67, MATHIS v. STATE
Cited
 2013 OK CR 6, 299 P.3d 870, STATE v. JUAREZ
Discussed
 2017 OK CR 16, 400 P.3d 875, BAIRD v. STATE
Discussed
 2018 OK CR 5, 419 P.3d 261, THOMPSON v. STATE
Discussed
 2018 OK CR 10, 421 P.3d 890, NICHOLSON v. STATE
Discussed
 2018 OK CR 19, 422 P.3d 788, BRAMLETT v. STATE
Discussed
 1985 OK CR 17, 695 P.2d 864, SMITH v. STATE
Discussed
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1989 OK CIV APP 55, 778 P.2d 945, 60 OBJ 2222, A.D.B., Matter of
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2611.3, Short Title
Cited
 12 O.S. 2803.1, Statements by Certain Children Regarding Physical or Sexual Abuse - Admissibility
Cited
 12 O.S. 2804, Hearsay Exception - Declarant Unavailable
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 504.1, Motion to Quash for Insufficient Evidence
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA