STATE of Oklahoma, Appellant,

v.

Delbert Wayne WEESE, Carolyn Marie Weese and Ronnie Arthur Weese, Appellees.

No. O–80–107.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1981.

Clay Wise, Asst. Dist. Atty., Woods County, for appellant.

E. Elaine Schuster, Jones, Schuster & Flaugher, Oklahoma City, for appellees.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

The three appellees were charged with Arson in the First Degree in the Woods County District Court, Case No. CRF–79–22. At the preliminary hearing, the Honorable Ray Dean Linder, Associate District Judge, sitting as examining magistrate, held the State's evidence insufficient to bind appellees over for trial. Under 22 O.S.Supp.1980, c. 18, App., § VI, of the Rules of this Court, the State lodged its appeal from the adverse ruling, and the District Court, the Honorable James F. Lane presiding, affirmed the magistrate's ruling. This appeal is now lodged in accordance with Section VI of the Rules of this Court, Rule 6.5.

A careful review of the record compels this Court to sustain the ruling of the magistrate in that the prosecution failed to establish the corpus delicti of arson. The fact of the burning is undisputed, but it was not proved that the property was wilfully or maliciously set afire, and there is no evidence that the fire resulted from a wilful act of the appellees.

 To bind an accused over at preliminary hearing, the State is not required to present sufficient evidence to convict but must show that the offense has been committed and that there is probable cause to believe the accused committed the offense. 22 O.S.1971, § 264. Although the State may satisfy that burden through circumstantial evidence, the evidence must coincide with guilt and be inconsistent with innocence. See *Williams v. State*, 478 P.2d 359 (Okl.Cr.1970).

 At the preliminary hearing, the magistrate must determine whether a crime has been committed and whether there is probable cause to believe that it was committed by the defendant(s). Absent an abuse of the discretion in reaching that determination, the magistrate's ruling will remain undisturbed. *Turner v. State*, 549 P.2d 1346 (Okl.Cr.1976). The record, which is consistent with the magistrate's order and the district court's affirmance of that order, supports this Court's affirmance of the magistrate's order.

BUSSEY, J., dissents.

CORNISH, J., concurs.