**The STATE of Oklahoma, Appellant,**

v.

**Danny Alvin BERRY, Appellee.**

**No. S–90–0309.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1990.

Tom Gruber, Dist. Atty., Clint Ward, Asst. Dist. Atty., Woodward, for appellant.

Gary L. Mitchel, Mitchel, Gaston & Mitchel, Woodward, for appellee.

## OPINION

LANE, Vice Presiding Judge:

The State of Oklahoma, by and through the District Attorney's Office for Woodward County, has brought the instant action seeking review pursuant to 22 O.S. Supp.1989, § 1089.1 of an order dismissing charges in Case No. CRF–89–187 entered by the magistrate following preliminary examination. The State properly appealed to the District Court for Woodward County which denied the requested relief.

At preliminary examination, a magistrate is charged with making two separate determinations based on the evidence presented; whether a crime has been committed and, if so, whether there is probable cause to believe that the defendant is the person that committed the crime. *Johnson v. State*, 731 P.2d 424 (Okl.Cr.1986); *Diaz v. State*, 728 P.2d 503, 510 (Okl.Cr.1986); *Howell v. State*, 530 P.2d 1371 (Okl.Cr. 1975). The present case presents the seldom considered question of the proper burdens of proof required to satisfy the minimum requirements of each prong of the preliminary inquiries made by the magistrate.

The record before us reveals that Appellee Berry was charged with Driving Under the Influence, Subsequent Offense. At the preliminary, the evidence established that Berry was arrested at approximately 5:15 on November 13, 1989, after he was observed driving left of center. The arresting officer testified that Berry was staggering and smelled of alcohol. The officer who administered the breathalyzer test at 6:30 that same day, testified that the results were sufficient, .10, to qualify Appellee as intoxicated under legal standards. He testified that the results could be off one point up or down.

During the hearing, the testing officer was asked, "In your opinion, was he intoxicated?" The officer answered, "Well, he— at that time he wasn't too—knowing Danny, I've seen him a lot worse anyway." Later in his testimony the officer testified, "Without knowing the breathalyzer results, I would probably give Danny the benefit of

the doubt because he—he didn't handle himself all that bad. I mean, you know, considering. I wouldn't let him drive."

After presenting the testimony of the two officers, the State rested. The defense presented its demurrer which the trial court overruled. Following the ruling by the judge the defense presented evidence concerning the results of a blood test taken by Appellee.

After taking the breathalyzer test, Appellee was transported to the hospital for a blood test. The blood for the test was drawn at 7:12. The parties stipulated that the O.S.B.I. test showed that blood alcohol content to be .08.

At the close of argument by the parties, the magistrate dismissed the charges holding:

> The question is whether or not the crime of driving under the influence of alcohol was committed. The State's testimony was that they—the breathalyzer was [.10].... The presumption is that at that level there was—it is presumed that the defendant is intoxicated. As Mr. Mitchell pointed out, that is a presumption. It is a rebuttable presumption.
>
> The evidence which the Court has in front of it is that there—there was a blood test stipulated to as to a .08.... The statements were made that the tolerance of the machine was from .09 to .11. The time period involved was such that had it been somewhere close to the lower end of that tolerance, that would validate the .1 percent decrease within the 42 minutes. And I think taking the evidence as a whole, that the test—or the machine was within tolerance but that the actual blood test was somewhere below .1 at the point in time that it was taken. Therefore, the presumption is rebutted, and the Court will make a finding that the defendant did not commit the crime of driving under the influence of alcohol as alleged in the information.

Transcript of Preliminary Examination, pp. 45–46.

█ Although the State is not required to present evidence at the preliminary examination which would be sufficient to support a conviction, *Matricia v. State*, 726 P.2d 900 (Okl.Cr.1986), it must establish that a crime was *in fact* committed and that there is probable cause to believe that the defendant committed the crime. These two elements of the test are supported by entirely different proof requirements.

█ When considering whether or not a crime has been committed, the State is required to prove each of the elements of the crime. *State v. Rhine*, 773 P.2d 762, 764 (Okl.Cr.1989). This part of the test is totally independent from the involvement of the defendant in the offense. The magistrate must consider the proof established by the State in light of the statutory elements of the given offense. If the elements of the crime are not proven, then the fact of the commission of a crime cannot be said to have been established. A defendant cannot be held to answer for actions which do not amount to a crime as defined by our statutes. This is a higher burden of proof than is required for the second part of the preliminary analysis.

█ The second proof determination; whether or not it is reasonable to believe that it was the defendant who committed the crime, allows the State to satisfy a lesser burden of proof. The State is not required to prove the defendant's guilt with certainty; that is the purpose of the subsequent trial. Instead, the State must establish that it is *reasonable* to believe that the defendant was involved in the commission of the offense. *State v. Edmondson*, 536 P.2d 386, 392 (Okl.Cr. 1975). In this stage of the process, the State is entitled to the presumption that it will strengthen its evidence at trial. *State v. Ward*, 707 P.2d 1217 (Okl.Cr.1985); *Little v. State*, 627 P.2d 445 (Okl.Cr.1981).

█ In the present case, the magistrate held, based on the evidence of Appellee's demeanor at the time of the breathalyzer test, the seemingly flexible results of that test and the blood test results, that the State had failed to establish with certainty that a crime had been committed. The State challenges this finding in light of the fact that the magistrate overruled the de-

fense demurrer, yet dismissed the charges anyway.

We find this procedure to have been appropriate. At the time the demurrer was presented to the court, the only evidence before the court was the State's evidence. The evidence concerning the results of the O.S.B.I. blood test were not admitted until after the State had rested and the demurrer had been overruled. The magistrate found that the evidence presented by Appellee was sufficient to outweigh the establishment of the crime. Hence, the dismissal of the charges was proper. *Beaird v. Ramey,* 456 P.2d 587, 589 (Okl.Cr.1969).

The review by the district court followed the principals in the *Beaird* case, which held that the defendant must be allowed to present evidence rebutting the State's evidence, and agreed with the magistrate that the fact of the commission of a crime had not been proven. The court applied the appropriate standard, established in 22 O.S. Supp.1989, § 1089.5, and found that the proof by the State fell short of the requirements.

We have undertaken the review required of us by § 1089.6 and cannot say that the decisions of the two courts below were clearly erroneous. In such a situation, we will not interfere with the judgments of the lower courts. Accordingly, the magistrate's order dismissing the charges is AFFIRMED.

PARKS, P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.