**The STATE of Oklahoma, Appellant,**

v.

**Alana DAVIS, Appellee.**

**No. S–90–0474.**

Court of Criminal Appeals of Oklahoma.

Dec. 23, 1991.

Mark L. Gibson, Asst. Dist. Atty., Chickasha, for appellant.

Phil Gordon, Chickasha, for appellee.

## OPINION

LUMPKIN, Vice–Presiding Judge:

Appellee Alana Davis was charged along with co-defendant Trent Johnson with Conspiracy to Distribute a Controlled Dangerous Substance (Cocaine) (Count I) in violation of 63 O.S.1981, § 2–408, and Unlawful Distribution of a Controlled Dangerous Substance (Cocaine) (Count II) in violation of 63 O.S.1981, § 2–401(B)(2), in the District Court of Grady County, Case No. CRF–89–70. A preliminary hearing was held for the Appellee [1] before the Honorable Karen Hibbs. After hearing testimony from the State's two witnesses, she found the evidence sufficient to bind Davis over for trial on both counts. At the formal arraignment, held before the Honorable James Winchester, Appellee presented a *Motion to Quash and Set Aside the Information*. Based upon Appellee's argument and the transcript of the Preliminary Hearing proceedings, Judge Winchester sustained Appellee's Motion to Quash as to Count I, Conspiracy to Distribute Cocaine, finding insufficient evidence was presented to bind the Appellee over for trial. It is this ruling which the State now appeals.

Before we address the State's single allegation of error, it is necessary to discuss the authority under which this appeal is brought. We take this opportunity to address this issue in light of the procedural history of this case and the recent changes in both the case law and the State statutes concerning motions to quash for insufficient evidence.

---

1. Co–Defendant Johnson pled guilty to both counts.

In *State v. Hammond,* 775 P.2d 826 (Okl.Cr.1989), a divided court determined that a motion to quash for insufficient evidence was not authorized by State statute. Further, this Court held that the State's appeal of a ruling granting a defendant's motion to quash for insufficient evidence did not fall within the appellate procedures set forth in 22 O.S.1981, § 1053. These problems were remedied by the Legislature in 1990.

█ Title 22 O.S.Supp.1990, § 504.1, provides for the filing of a motion to quash for insufficient evidence after preliminary hearing. Title 22 O.S.Supp.1990, § 1053(4), establishes an appeal by the State upon a judgment for the defendant on a motion to quash for insufficient evidence in a felony matter. As these changes are solely procedural, they are to be applied retroactively to cases heard before the date of the enactment of the statute.

The particular facts of the instant case render 22 O.S.Supp.1989, § 1089.1, inappropriate as appellate authority. That section provides for the appeal from an adverse ruling of a magistrate. The ruling now appealed is that of the district judge at formal arraignment.

In its sole assignment of error, the State contends that the court erred in sustaining the Appellee's Motion to Quash, as sufficient evidence was presented at the Preliminary Hearing to establish that an agreement to distribute the cocaine existed between Appellee and Johnson.

█ It is well established that at the Preliminary Hearing the State must present sufficient evidence to prove that a crime was committed and sufficient cause to believe that the defendant committed that crime. 22 O.S.1981, § 264. *See also State v. Berry,* 799 P.2d 1131 (Okl.Cr.1990); *Matricia v. State,* 726 P.2d 900, 903 (Okl. Cr.1986); *Holloway v. State,* 602 P.2d 218, 219 (Okl.Cr.1978); *Neff v. State,* 39 Okl.Cr. 133, 264 P. 649 (1928). While there is always the presumption that the State will strengthen its case at trial, the evidence at preliminary hearing must coincide with guilt and be inconsistent with innocence. *State v. Weese,* 625 P.2d 118, 119 (Okl.Cr. 1981); *Kovash v. State,* 519 P.2d 517, 520 (Okl.Cr.1974).

The State presented the testimony of two witnesses, Officer David Real and Robin Watson. Real, a member of the Chickasha Police Department assigned to the District Attorney's Drug Task Force, testified to arranging a drug buy between a confidential informant, identified as Robin Watson and the co-defendant Trent Johnson. Officer Real had utilized Watson's services as an informant on two previous buys. Watson and her car were searched before she was wired with a body microphone and given one hundred twenty-five ($125) dollars to make the purchase. Watson drove to Johnson's home and waited outside in her car. From approximately one block away, Real observed a black female, later identified as the Appellee, leave the house and approach Watson. Appellee then returned to the house and Johnson exited the house and entered the car with Watson. After a few moments, Johnson left the car and returned to the house. Appellee subsequently walked out of the house, approached Watson and then returned inside the house. Watson then drove back to the motel where she turned over to Real a pea-size rock of cocaine and one hundred ($100.00) dollars.

Robin Watson testified that she knew of Johnson's involvement in the drug trade from a former husband. Arriving at Johnson's home she was first met by Appellee who, upon Watson's request, sent Johnson out to her. Watson gave Johnson the money, he returned to the house and Appellee brought out the cocaine. Without saying a word to Watson, Appellee handed her the unwrapped rock of cocaine. Watson testified that she knew Appellee and Johnson were brother and sister, but prior to that day she had no knowledge of Appellee's involvement with drugs.

█ To constitute the crime of conspiracy, two essential elements are required: an agreement between two or more people to commit an unlawful act, and some overt act by one or more of the parties in furtherance of the conspiracy, or to effect its

purpose. 21 O.S.1981, §§ 421 and 423, *See also Davis v. State*, 792 P.2d 76, 81 (Okl. Cr.1990). The existence of a conspiracy need not be established by direct evidence, but proof of circumstances from which the existence of a conspiracy may be fairly inferred is sufficient. *Fetter v. State*, 598 P.2d 262, 265 (Okl.Cr.1979); *Blaylock v. State*, 598 P.2d 251, 253 (Okl.Cr.1979); *Pearson v. State*, 556 P.2d 1025, 1030 (Okl. Cr.1976); *Mathews v. State*, 19 Okl.Cr. 153, 198 P. 112, 117 (1921). "In a conspiracy prosecution, the critical inquiry is whether the circumstances, acts, and conduct of the parties are of such a character that the minds of reasonable men may conclude therefrom that an unlawful agreement exists." *United States v. Kendall*, 766 F.2d 1426, 1431 (10th Cir.1985).

 Further, the law is well established that where two or more persons have acted in concert in the commission of a crime, the acts and declarations of one co-actor in pursuance of the common act or design are admissible against any other co-actor on trial for the crime. Conspirators are responsible for all that is said and done pursuant to the conspiracy by the co-conspirators until its purpose is fully accomplished. *Fetter*, 598 P.2d at 265. Whether an actual agreement was made by the defendant is a question to be resolved by the trier of fact. *Russell v. State*, 654 P.2d 1058, 1066 (Okl.Cr.1982).

 In the present case, no direct evidence of an agreement between Appellee and Johnson was presented. However, sufficient circumstantial evidence was presented upon which to base a finding that an agreement did exist. Therefore, we find that Judge Winchester erred in sustaining the motion to quash on the basis of insufficient evidence. This matter is REVERSED and REMANDED for further proceedings.

BRETT, PARKS and JOHNSON, JJ., concur.

LANE, P.J., specially concurs.

LANE, Presiding Judge, specially concurring:

I write separately to explain the procedural posture of this matter. The Court has made its decision upon examination of the case made and the brief of the State without the filing of a brief by the appellee. However, the appellee failed to file a brief within the time limits required by statute and rules and did not request an extension of time.

I concur in all expressions of the majority as to the merits of the opinion.