2011 OK CR 5

**The STATE of Oklahoma, Appellant,**

v.

**Nicole Sharie HEATH, Appellee.**

**No. S–2009–1151.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 2011.

Traci L. Rhone, Attorney at Law, Oklahoma City, OK, attorney for defendant at trial.

Patrick Crawley, Assistant District Attorney, Oklahoma County D.A.'s Office, Oklahoma City, OK, attorney for State at trial.

Lory K. Dewey, Aaron Etherington, Assistant District Attorneys, Oklahoma County D.A.'s Office, Oklahoma City, OK, attorneys for appellant on appeal.

Andrea Diglio Miller, Assistant Public Defender, Oklahoma County P.D.'s Office, Oklahoma City, OK, attorney for appellee on appeal.

## OPINION

SMITH, Judge.

¶ 1 Nicole Sharie Heath was charged by Information in the District Court of Oklahoma County, Case No. CF–2008–7239, with one count of Robbery in the First Degree, under 21 O.S.2001, §§ 791–800 (Count I). Heath was charged with acting jointly with her co-defendant, Rhonda L. Atchison, in this single count of first-degree robbery. On August 5, 2009, a joint preliminary hearing was held in the case before the Honorable Gregory J. Ryan. At the conclusion of the hearing, counsel for Heath demurred and argued that the evidence presented against Heath was insufficient to bind her over on the robbery charge. The Honorable Gregory J. Ryan overruled this demurrer and bound over both defendants on the charge of first-degree robbery.

¶ 2 On December 4, 2009, Heath filed a Motion to Quash Information and Dismiss the Case. On December 7, 2009, the Honorable Ray C. Elliott, who had reviewed the transcript of the preliminary hearing, heard argument on this motion and then sustained the motion to quash, finding that the evidence against Heath was not sufficient to bind her over for trial.[1] The State now appeals the district court's ruling, under 22 O.S.Supp.2009, § 1053(4), and the matter is properly before this Court.

¶ 3 Jayson Young was the only witness who testified at the preliminary hearing. Young testified that he is autistic and that on the evening of October 31, 2008, he was at a video arcade at the Quail Springs Mall playing video games.[2] Young was wearing a blue fanny pack around his waist, which held his wallet, his social security card, his medical insurance card, etc. Young's wallet contained between $200 and $300 in cash, and he got it out and opened it while at the arcade, in order to play a game.[3] Young testified that he saw both Heath and Atchison while at the arcade and that they followed him onto a mall escalator when he left.[4] Young was aware that the girls were behind him and that they stayed behind him as he went up another escalator to Sears, and then through the store and out a back door at Sears.

¶ 4 Young testified that it was dark when he left and that he was walking home, since he did not have a car. He was near the corner of a strip mall when a red car pulled up next to him, with Heath driving and Atchison as the front seat passenger. Young testified that "[t]hose two girls" asked him if he wanted a ride and that he said, "Sure." After Young got in the backseat, one of the girls said that they had a flat tire.[5] Heath then pulled the car around to the back side of a Hobby Lobby store, where there was no one around. Atchison got out of the car and knocked on Young's door and told him to get out. Young got out, and Atchison asked him if he knew anything about fixing a flat tire. Young testified that after he said, "no, that's when she punched me dead in the ear, on the left here, with her fist." Young testified that he tried to get away, but that Atchison insisted that he give her his money or she would

1. Atchison announced her intent to plead guilty that same day and entered a blind plea of guilty four days later, on December 11, 2009. On February 3, 2010, the Honorable Ray Elliott sentenced Atchison to imprisonment for 5 years, with all but 3 suspended.

2. The limited record before this Court does not contain Young or Heath's actual age, though Young is referred to by the State as a "young man." Atchison was 18 years old at the time.

3. Young testified that he had been paid the previous day for his work at Sam's Club.

4. Young later testified that he did not notice Heath and Atchison until he got on the escalator. A mall security picture was entered into evidence at the preliminary hearing showing Young on the escalator, with Heath and Atchison behind him.

5. Young testified on direct examination that he did not remember who said they had a flat tire.

kill him, and that she made this threat three or four times before shoving him down on the ground. When Young tried to get out his money, Atchison snatched his whole fanny pack away from him, got back in the car, and the car drove away. Young, who was not injured, then walked back to the mall and reported the incident to mall security.

¶ 5 On cross examination, Heath's counsel went first and was able to get Young to testify that it was Atchison who told him to get in the car, who told him to get out of the car because there was a flat, and who threatened him, hit him, and took his money. Young further testified that Heath did not actually say or do anything to him and that he was not afraid of Heath.

¶ 6 At the end of the hearing, the district court sustained Heath's motion to quash and dismiss the case, finding: "The transcript is just void of any evidence that [Heath] knew what the co-defendant was doing." The court further stated in a journal entry: "[T]he evidence presented was insufficient to indicate that Defendant Heath participated in the alleged crime and insufficient even to infer that Defendant Heath had knowledge that a crime was being committed."

¶ 7 The State asserts that the district court erred in concluding that there was insufficient evidence that Heath was a principal in the crime of first-degree robbery. At preliminary hearing the State is required to present sufficient evidence to establish (1) probable cause that a crime was committed, and (2) probable cause to believe that the defendant committed the crime.[6] We have recognized that while the State "is not required to prove the defendant's guilt with certainty[,] . . . the State must establish that

it is *reasonable* to believe that the defendant was involved in the commission of the offense."[7] And the State is entitled to the presumption that it will strengthen its evidence at trial.[8] Nevertheless, "the evidence at preliminary hearing must coincide with [the defendant's] guilt and be inconsistent with innocence."[9]

¶ 8 This Court has also recognized that (as during trial) the State need not establish each element of the offense or the defendant's involvement by direct evidence, but that the State may rely upon circumstantial evidence from which it is reasonable to infer that each element of the offense existed and that the defendant committed the crime.[10] This Court further notes that under Oklahoma law, "all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission," are equally accountable as "principals" to the crime at issue.[11]

¶ 9 We evaluate the district court's determination under the clearly erroneous standard of review and find that the decision to sustain Heath's motion to quash for insufficient evidence was clearly erroneous.[12] Although Atchison was the person who actually threatened and struck Young and who then took his fanny pack away from him, there was more than sufficient circumstantial evidence presented from which to infer that Heath was well aware of the plan to rob Young and that she aided and assisted Atchison in carrying out this plan.[13]

¶ 10 Heath was with Atchison when they apparently chose Young as a target at the mall; she and Atchison together followed him through the mall and outside; and

---

6. 22 O.S.Supp.2003, § 258; *see also State v. Berry*, 1990 OK CR 73, ¶ 8, 799 P.2d 1131, 1133; *State v. Davis*, 1991 OK CR 123, ¶ 7, 823 P.2d 367, 369.

7. *Berry*, 1990 OK CR 73, ¶ 10, 799 P.2d at 1133 (citation omitted).

8. *Id.*

9. *Davis*, 1991 OK CR 123, ¶ 7, 823 P.2d at 369.

10. *See, e.g., id.* at ¶ 12, 823 P.2d at 370 (reversing grant of motion to quash in conspiracy case, where "sufficient circumstantial evidence was

presented upon which to base a finding that an agreement did exist").

11. 22 O.S.2001, § 432.

12. *Berry*, 1990 OK CR 73, ¶ 14, 799 P.2d at 1134 (dismissal of charges based on insufficient evidence not "clearly erroneous"); *see also Davis*, 1991 OK CR 123, ¶ 12, 823 P.2d at 370 (trial court "erred" in sustaining motion to quash based on insufficient evidence).

13. Heath has never challenged the adequacy of the evidence to establish that the crime of first-degree robbery was committed, but only the adequacy of the evidence to show her involvement.

Heath then drove the car to where Young was walking and stopped, so that Young could be offered a ride. Heath was also the one who drove the car back *behind* Hobby Lobby, to a place where they would not be seen—and a place where there was no other logical reason to go—and would have at least heard Atchison make the false statement that they had a flat tire. Even if Heath could possibly have been unaware of Atchison's intentions when she lured Young outside the car, or could have failed to witness Atchison assaulting, threatening, and then robbing Young, Heath surely would have known what had just occurred when Atchison jumped back in the car holding Young's blue fanny pack. And the record suggests that Heath then knowingly assisted Atchison in her escape from the scene, by driving her away.[14] Although her direct interactions with Young were limited, Heath was much more than "merely present" during the crime.

¶ 11 This Court concludes that there was more than sufficient evidence presented at the preliminary hearing from which to infer that Heath had knowledge of the plot to rob Young and that she actively participated in the accomplishment of this first-degree robbery. The evidence presented was quite adequate to find probable cause to believe that Heath aided and abetted this first-degree robbery; and the evidence was certainly not inconsistent with a finding that Heath was a principal to this crime. Hence the district court's grant of the motion to quash was clearly erroneous, and this matter must be reversed and remanded to the district court.

### Decision

¶ 12 The decision of the district court in sustaining Heath's motion to quash based upon insufficient evidence is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this opinion.

A. JOHNSON, P.J., LEWIS, V.P.J., LUMPKIN and C. JOHNSON, JJ.: concur.

---

14. *Cf. Carter v. State*, 1987 OK CR 248, ¶¶ 7, 10, 746 P.2d 193, 195–96 (finding evidence sufficient to convict "driver of the getaway car," who did not enter store, of robbery with firearms).