STATE v. BRADLEY; STATE v. BRODIE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. BRADLEY; STATE v. BRODIE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. BRADLEY; STATE v. BRODIE
2018 OK CR 34
Decided: 11/15/2018
Case Number: 
No. S-2018-5; 
No. S-2018-6
STATE OF OKLAHOMA, Appellant, v. SHELLEY MARIE BRADLEY, Appellee; STATE OF OKLAHOMA, Appellant, v. DYLAN THOMAS BRODIE, Appellee.
Cite as: 2018 OK CR 34, __ __

 

STATE OF OKLAHOMA, Appellant,
v.
SHELLEY MARIE BRADLEY, Appellee.

STATE OF OKLAHOMA, Appellant,
v.
DYLAN THOMAS BRODIE, Appellee.[1]

SUMMARY OPINION

ROWLAND, JUDGE:

[1]

¶1 The State of Oklahoma, Appellant, appeals to this Court from an order entered by the reviewing judge, the Honorable Mark L. Dobbins, Associate District Judge, affirming a ruling by the magistrate, the Honorable Dennis N. Shook, Associate District Judge, which sustained the defendants' demurrers to the evidence on Counts 1 and 2; and denied the State's request to amend the Informations, in Case Nos. CF-2017-445 and CF-2017-446 in the District Court of Wagoner County. See 22 O.S.2011, §§ 1089.1 -- 1089.7.

STATEMENT OF THE CASE

¶2 In Case Nos. CF-2017-445 and CF-2017-446, the Appellees, Shelley Marie Bradley ("Appellee Bradley") and Dylan Thomas Brodie ("Appellee Brodie"), were each charged with Count 1: Intimidation of a Witness, in violation of 21 O.S.Supp.2013, § 455 ("Section 455") and Count 2: Conspiracy to Commit a Felony, either Intimidation of a Witness or in the alternative Subornation of Perjury, in violation of 21 O.S.2011, § 421. At the preliminary hearing, Judge Shook sustained the Appellees' demurrers to the evidence as to both counts. Judge Shook also sustained demurrers to the State's request to amend the Informations to include a charge of False Preparation of Exhibits as Evidence, in violation of 21 O.S.2011, § 453. The State announced its intent to appeal from the adverse rulings of Judge Shook. The matter was assigned to Judge Dobbins, as reviewing judge pursuant to 22 O.S.2011, § 1089.2(C), who affirmed Judge Shook's ruling. The State appealed.

¶3 Pursuant to Rule 11.2(A)(4), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument on August 9, 2018, pursuant to Rule 11.2(E). At the conclusion of oral argument, this Court reversed the ruling of the reviewing judge and announced that this written opinion would follow.

SUMMARY OF FACTS

¶4 Appellees Bradley and Brodie are the mother and brother of Jacob Ode ("Ode"), who was charged in Wagoner County District Court Case No. CF-2017-413 with Count 1 -- Endangering Others While Attempting to Elude Police Officer; Count 2 -- Running a Roadblock; and Count 3 -- Reckless Driving. Makenzie Janelle Hawkins ("Hawkins") is the niece of Appellee Bradley; a cousin of Appellee Brodie; and a cousin of Ode.

¶5 On June 1, 2017, Hawkins was a passenger in Ode's vehicle during the police pursuit that resulted in the charges filed against Ode in Case No. CF-2017-413. At the end of the pursuit, Ode and a male passenger fled the vehicle and eluded officers, but Hawkins stayed inside. Hawkins was detained, questioned by police, and gave a written statement concerning the pursuit. Hawkins' written statement said that Ode was the driver of the vehicle being pursued by the police. A copy of Hawkins' written statement was introduced as State's Exhibit No. 1 during the preliminary hearing in this case.

¶6 Hawkins testified that on June 18, 2017, Appellee Brodie called and asked Hawkins to come to Hawkins' grandmother's house, where Appellees Bradley and Brodie both lived. Hawkins testified Appellee Brodie came to Hawkins' house, picked her up, and drove her to the grandmother's house. Hawkins testified she had not had any contact with Appellees Bradley and Brodie since the police pursuit and was "sort of glad" when Appellee Brodie called her and asked her to go to the grandmother's house on June 18, 2017, because it meant the family was talking to her.

¶7 While at the grandmother's house, Appellee Brodie asked if she would change her statement about the police pursuit and Hawkins testified that "I said yes." Hawkins testified that Appellee Brodie and Appellee Bradley both asked her to change her statement because Ode's bond was going to be revoked if she didn't. Hawkins testified that Appellees Bradley and Brodie walked her through what to write and, after Appellees tore up her first attempt at writing the changed statement, got her to write a statement saying that Ode was not in the vehicle on the night of the police pursuit. That statement written by Hawkins was admitted at the preliminary hearing as State's Exhibit No. 2. During the preliminary hearing, the State twice asked Hawkins whether Appellees or anybody else told her they wanted her to testify in court in accordance with her written statement in State's Exhibit No. 2, and both times Hawkins replied "No." During her preliminary hearing testimony, Hawkins was given use and transactional immunity by the State.

¶8 The State's second witness at the preliminary hearing was Major Dustin Dorr ("Dorr"), with the Wagoner County Sheriff's Office. Dorr testified that on June 19, 2017, Appellee Bradley gave Hawkins written statement, State's Exhibit No. 2, to him and asked him to consider it in the investigation of pending and anticipated charges against her son, Ode. The State's final witness was Deputy Danny Elliott ("Elliott"), with the Wagoner County Sheriff's Office. Elliott said he was asked to investigate who was actually driving the vehicle involved in the police pursuit on June 1, 2017. Elliott interviewed Hawkins on June 21, 2017, and she told him that her statement to police on June 1, 2017, was the truth, that Ode was driving the vehicle during the police pursuit. Elliott also testified that he listened to phone conversations Ode made from jail, which indicated the stories had been fabricated that he was not driving the vehicle being pursued. After Elliott's testimony, the State rested.

¶9 Appellees Bradley and Brodie demurred to the evidence. First, Appellees argued that as to the intimidation of a witness and conspiracy charges the State presented no evidence either that they actually threatened or procured physical or mental harm through force or fear against Hawkins, or that they had prevented or attempted to prevent Hawkins from giving testimony. Second, as to perjury and subornation of perjury and conspiracy charges, Appellees argued Hawkins never made and was never forced to make any false statements under oath or affirmation. In response, the State first asked that the Informations be amended to add a count of falsely preparing exhibits as evidence, pursuant to 21 O.S.2011, § 453. The State argued their evidence satisfied the elements of threatening a witness, but even if it didn't Section 455 is satisfied if a person prevents or attempts to prevent a person from testifying.

¶10 Judge Shook sustained the Appellees' demurrer as to the charge of intimidation of a witness and conspiracy, by finding there was insufficient evidence Hawkins was threatened or placed in fear of giving testimony. Judge Shook sustained the Appellees' demurrer as to the charge of conspiracy to commit subornation of perjury, by finding Hawkins' statement was not made under oath. Judge Shook sustained the demurrer as to False Preparation of Exhibits as Evidence without making any findings or conclusions. On appeal, Judge Dobbins affirmed Judge Shook's decision without findings or conclusions.

¶11 The State filed this appeal asserting the same four propositions of error in both appeals:

I. THE STATE OF OKLAHOMA PRESENTED SUFFICIENT EVIDENCE TO SHOW PROBABLE CAUSE THAT THE DEFENDANT COMMITTED THE CRIME OF PREVENTING WITNESS FROM GIVING TESTIMONY -- THREATENING WITNESS WHO HAS GIVEN TESTIMONY (21 O.S. § 455), AS DEFINED BY OKLAHOMA LAW;

II. THE STATE OF OKLAHOMA PRESENTED SUFFICIENT EVIDENCE TO SHOW PROBABLE CAUSE THAT THE DEFENDANT COMMITTED THE CRIME OF CONSPIRACY (21 O.S. § 421), AS DEFINED BY OKLAHOMA LAW;

III. SHOULD THIS COURT FIND THAT THE STATE HAS NOT MET ITS BURDEN IN SHOWING THAT THE DEFENDANT COMMITTED THE CRIME OF PREVENTING WITNESS FROM GIVING TESTIMONY -- THREATENING WITNESS WHO HAS GIVEN TESTIMONY AND THE CRIME OF CONSPIRACY TO COMMIT THE CRIME OF SUBORNATION OF PERJURY [SIC]; and

IV. THE STATE OF OKLAHOMA PRESENTED SUFFICIENT EVIDENCE OF OTHER CRIMES TO SHOW PROBABLE CAUSE THAT THE DEFENDANT COMMITTED THE ADDITIONAL CRIME OF PREPARING FALSE EVIDENCE (21 O.S. § 453), AS DEFINED BY OKLAHOMA LAW TITLE 22 SECTION 264.

ANALYSIS

¶12 "The purpose of the preliminary hearing is to establish probable cause that a crime was committed and probable cause that the defendant committed the crime." 22 O.S.2011, § 258(8); see also State v. Vincent, 2016 OK CR 7, ¶ 5, 371 P.3d 1127, 1129. The standard of review to be used by the reviewing District Court Judge in a State appeal from an adverse ruling of the preliminary hearing magistrate is "whether the evidence, taken in the light most favorable to the state, is sufficient to find that a felony crime has been committed and that the defendant probably committed said crime." 22 O.S.2011, § 1089.5; see also Vincent, supra. As we noted in Berry:

When considering whether or not a crime has been committed, the State is required to prove each of the elements of the crime . . . . The magistrate must consider the proof established by the State in light of the statutory elements of the given offense. If the elements of the crime are not proven, then the fact of the commission of a crime cannot be said to have been established. A defendant cannot be held to answer for actions which do not amount to a crime as defined by our statutes.

State v. Berry, 1990 OK CR 73, ¶ 9, 799 P.2d 1131, 1133. Absent an abuse of discretion in reaching that determination, the magistrate's ruling will remain undisturbed. Vincent, supra (citation omitted). An abuse of discretion has been described as "a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶13 In Proposition I, the State argues that sufficient evidence was presented to show probable cause that the Appellees committed the crime charged in Count 1: Intimidation of Witness, pursuant to 21 O.S.Supp.2013, § 455(A). We begin by rejecting Appellees' claim that the definition of testimony in Pinkley provides the fatal flaw to the State's argument under this proposition. Pinkley v. State, 2002 OK CR 26, 49 P.3d 756. Appellees note that Pinkley defines testimony as evidence given by a competent witness under oath or affirmation. Pinkley, 2002 OK CR 26at ¶ 8, 49 P.3d at 759. Appellees argue that neither of Hawkins' written statements were made under oath or affirmation and are thus not testimony as contemplated by Section 455(A) and by Pinkley. Appellees fail to consider the determination in Pinkley that Section 455 encompasses not only the completed crime of witness intimidation, but also attempts to intimidate a witness intending to prevent testimony, which necessarily would occur prior to the witness giving testimony under oath or affirmation. Pinkley, 2002 OK CR 26at ¶ 10, 49 P.3d at 759-60 (citing Mehdipour v. State, 1998 OK CR 23, 956 P.2d 911). Pinkley's definition of testimony is thus not dispositive of this proposition because a witness can be intimidated under the terms of Section 455 before testimony is ever given.

¶14 Despite rejecting Appellees' arguments, we cannot find that the refusal by Judge Shook and Judge Dobbins to bind Appellees over for trial on the State's charges under Section 455 rises to the level of error or abuse of discretion as argued by the State. Section 455(A) provides:

A. Every person who willfully prevents or attempts to prevent any person from giving testimony or producing any record, document or other object, who has been duly summoned or subpoenaed or endorsed on the criminal information or juvenile petition as a witness, or who makes a report of abuse or neglect pursuant to Section 1-2-101 of Title 10A of the Oklahoma Statutes or Section 10-104 of Title 43A of the Oklahoma Statutes, or who is a witness to any reported crime, or threatens or procures physical or mental harm through force or fear with the intent to prevent any witness from appearing in court to give his or her testimony or produce any record, document or other object, or to alter his or her testimony is, upon conviction, guilty of a felony punishable by not less than one (1) year nor more than ten (10) years in the custody of the Department of Corrections.

21 O.S.Supp.2013, § 455(A). Subsection A of Section 455 is very poorly written. As shown by the Oklahoma Jury Instructions -- Criminal and published authority of this Court, the subsection contains two separate parts. OUJI-CR 3-39; 21 O.S.Supp.2013, § 455(A). The first part criminalizes the preventing or attempting to prevent a summoned or subpoenaed person from testifying (or producing documents, etc.). OUJI-CR 3-39; 21 O.S.Supp.2013, § 455(A); see also Mehdipour, 1998 OK CR 23at ¶ 7, 956 P.2d at 914 (the plain language of Section 455, now Section 455(A), "refers to two separate actions a defendant may take [the first being] willfully preventing testimony"). The second part criminalizes the threatening or procuring of harm through force/fear to a person with the intent to make the person alter his or her testimony.[2] OUJI-CR 3-39; 21 O.S.Supp.2013, § 455(A); see also Mehdipour, 1998 OK CR 23 at ¶ 7, 956 P.2d at 914 (the second separate action "a defendant may take [is] threats of physical or mental harm through force or fear with the intent to prevent a witness from testifying at all, or to cause a witness to alter his testimony").

¶15 As applied to this case, and to the State's arguments, there is no evidence in this appeal record showing that either of the Appellees prevented or attempted to prevent Hawkins from testifying, from giving testimony, or from appearing in court. Therefore, the decision of both Judge Shook and Judge Dobbins, that the Appellees should not be bound over for trial as to the first part of subsection A of Section 455, cannot be considered a clearly erroneous conclusion and judgment that is clearly against the logic and effect of the facts presented. 21 O.S.Supp.2013, § 455(A); Vincent, supra; Neloms, supra.

¶16 With regard to the second part of subsection A of Section 455, the State contends it presented sufficient evidence of Appellees' threats or procurement of mental or physical harm through force or fear concerning Appellees' intent to cause Hawkins to alter her testimony. The State argues Hawkins felt mental harm from her extended family because they had ceased to have a relationship with her, resulting in her feeling alienated. The State also uses a statement written by Hawkins, which was ruled to be hearsay and not admitted into evidence, where Hawkins stated she felt pressure to change her statement as directed by Appellees because the family had not talked to her since her original statement. We find that the evidence in this appeal record is weak at best relating to threats or the procurement of physical or mental harm through force or fear. Hawkins' feelings of being alienated by her family, and feeling pressure because they were not talking to her, even if considered as properly admitted evidence, do not rise to the level of Section 455(A) requirements to constitute intimidation of a witness. Judge Shook found that there was no evidence that Hawkins was threatened or placed in fear when she wrote the second statement at the direction of Appellees. To the contrary, Judge Shook found that Hawkins indicated she was glad to be there. Again, the decision of the District Court judges, that the Appellees should not be bound over for trial as to the second part of subsection A of Section 455, cannot be considered a clearly erroneous conclusion and judgment that is clearly against the logic and effect of the facts presented. 21 O.S.Supp.2013, § 455(A); Vincent, supra; Neloms, supra. The State's Proposition I is denied.

¶17 In Proposition II, the State argues that it presented sufficient evidence to show probable cause that the Appellees committed the crime of conspiracy to commit the crime of intimidation of a witness. As addressed in Proposition I above, there was insufficient evidence to show that Appellees prevented or attempted to prevent Hawkins from testifying, from giving testimony, or from appearing in court. We find there is also insufficient evidence to show that Appellees engaged in any conspiracy to prevent or attempt to prevent Hawkins from testifying, from giving testimony, or from appearing in court. Also as addressed in Proposition I above, there was insufficient evidence to show that Appellees threatened or procured physical or mental harm through force or fear with the intent to cause Hawkins to alter her testimony. We find there is also insufficient evidence to show that Appellees engaged in any conspiracy to threaten Hawkins or to procure physical or mental harm through force or fear against her with the intent to cause her testimony to be altered. Judges Shook and Dobbins did not err or abuse their discretion by refusing to bind Appellees over for trial on the crime of conspiracy to commit the crime of intimidation of a witness. 21 O.S.2011, § 421; 21 O.S.Supp.2013, § 455(A); Vincent, supra; Neloms, supra. The State's proposition II, concerning proof of conspiracy to commit the crime of intimidation of a witness, is denied.

¶18 In Proposition III, the State contends that it presented sufficient evidence to show probable cause that the Appellees committed the crime of conspiracy to commit the crime of subornation of perjury. The record contains evidence that Appellees both told Hawkins that the purpose of the written statement was for it to be taken to court and used to fight or defend the revocation of Ode's bond.

¶19 Perjury by Subornation - Attempted Perjury by Subornation is defined as:

Whoever procures another to commit perjury is guilty of perjury by subornation. Perjury by subornation is a felony, punishable as provided in Section 505 of this title. Whoever does any act with the specific intent to commit perjury by subornation but fails to complete that offense is guilty of attempted perjury by subornation.

21 O.S.2011, § 504.

¶20 Hawkins was the key eyewitness against their family member, and had given a statement to police implicating him in a felony crime. The natural first act of one seeking to cause Hawkins to change her projected trial testimony would be to have her first change her official statement to police. Thus, the act of making or causing her to write a contrary statement and provide it to police could easily be viewed by a jury as "any act with the specific intent to commit perjury by subornation but [which] fails to complete that offense." Id. As the preliminary hearing magistrate is required to view the evidence in the light most favorable to the State, Judges Shook and Dobbins abused their discretion in finding that because no actual sworn statement had yet been sought or given, no conspiracy to suborn or attempt to suborn perjury could be proved. We find that relief under Proposition III should be granted and the matter remanded to the District Court with instructions to bind the Appellees over for trial on the charge of Count 2: Conspiracy to Commit the felony crime of Perjury by Subornation.

¶21 We find that the State's arguments under Proposition IV also require relief. The State argues that the evidence presented at the preliminary hearing in this case shows that the Appellees committed the crime of conspiracy to commit false preparation of exhibits as evidence, pursuant to 21 O.S.2011, § 453; and thus Judge Shook erred by failing to endorse that crime on the Informations in this case, pursuant to 22 O.S.2011, § 264. Section 453 provides that "[a]ny person guilty of falsely preparing any book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced as genuine upon any trial, proceeding or inquiry whatever, authorized by law, shall be guilty of a felony." 21 O.S.2011, § 453. Section 264 provides that when it appears from the evidence presented at a preliminary hearing that any public offense has been committed, the magistrate must order that the offense be endorsed on the Information. 22 O.S.2011, § 264.

¶22 After the evidence was presented at the preliminary hearing in this case, the State specifically asked Judge Shook to amend the charges to conform to the evidence presented under Section 264. The State also specifically asked Judge Shook to add an additional count of False Preparation of Exhibits as Evidence under Section 453. Judge Shook summarily sustained a demurrer to False Preparation of Exhibits as Evidence without making any findings of fact or conclusions of law to support his finding. Judge Dobbins also summarily affirmed Judge Shook's decision without comment.

¶23 The State is correct that the evidence presented at Appellees' preliminary hearing showed that Hawkins' written statement, State's Exhibit No. 2, is a "paper" or "instrument in writing" "falsely prepar[ed]" by Hawkins under the direction of both Appellees "with the intent to produce it, or allow it to be produced as genuine upon" the "proceeding[s]" and "inquiry" prior to or during Ode's criminal case and/or at Ode's "trial." 21 O.S.2011, § 453.

¶24 On the other hand, Appellees' arguments are not correct. First, Appellees' argument the State was required to proffer an explanation or argument for amendment of the Informations is contrary to the plain language of Section 264. 22 O.S.2011, § 264. Second, Appellees incorrectly argue Section 453 applies to tampering with or altering evidence, because Section 453 expressly applies to the "preparing" of evidence. 21 O.S.2011, § 453. Third, Appellees argument that there was insufficient evidence to show that Hawkins' written statement was ever intended to be introduced at a legal proceeding is clearly wrong because evidence showed Appellee Bradley introduced the statement into the Sheriff's "inquiry" into Ode's crimes and both Appellees clearly intended for the statement to be produced at Ode's bond hearing. Finally, Appellees' argument that the State did not sufficiently ask to amend the Informations is contrary to the record in this case and to the plain language of Section 264.

¶25 Neither Judge Shook nor Judge Dobbins gave any explanation why the evidence was insufficient to endorse the crime of False Preparation of Exhibits as Evidence on the Informations. The evidence presented at the preliminary hearing in this case clearly showed that Appellees conspired with Hawkins to commit the crime of false preparation of exhibits. We find the decision of Judges Shook and Dobbins that the Informations should not be amended to include a charge of False Preparation of Exhibits as Evidence is a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. 21 O.S.2011, § 453; 22 O.S.2011, § 264; Vincent, supra; Neloms, supra. We find that this matter should be remanded to the District Court of Wagoner County with instructions to endorse on the Informations the offense of False Preparation of Exhibits as Evidence, pursuant to 21 O.S.2011, § 453.

DECISION

¶26 The order of the District Court of Wagoner County sustaining the magistrate's ruling adverse to the State in Case Nos. CF-2017-445 and CF-2017-446 is REVERSED, and the cases are REMANDED to the District Court with instructions to bind the Appellees over for trial on the charge of Count 2: Conspiracy to Commit the felony crime of Perjury by Subornation, and to amend the Informations and bind the Appellees over for trial on the charge of False Preparation of Exhibits as Evidence, pursuant to 21 O.S.2011, § 453. Pursuant to Rule 3.15, Rules, supra, the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF WAGONER COUNTY
THE HONORABLE MARK L. DOBBINS,
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES IN THE DISTRICT COURT
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 
 DOUGLAS G. DRY
 Assistant District Attorney
 Wagoner County
 307 E. Cherokee
 Wagoner, OK 74467
 COUNSEL FOR THE STATE
 
 
 
 DOUGLAS G. DRY
 Assistant District Attorney
 Wagoner County
 307 E. Cherokee
 Wagoner, OK 74467
 COUNSEL FOR THE STATE
 
 
 
 
 
 MICHON HASTINGS HUGHES
 Attorney at Law
 1634 South Denver Ave.
 Tulsa, OK 74119
 COUNSEL FOR DEFENDANT
 BRADLEY
 
 
 
 MICHON HASTINGS HUGHES
 Attorney at Law
 1634 South Denver Ave.
 Tulsa, OK 74119
 COUNSEL FOR APPELLEE
 BRADLEY
 
 
 
 
 
 CLINTON C. HASTINGS
 Attorney at Law
 1634 South Denver Ave.
 Tulsa, OK 74119
 COUNSEL FOR DEFENDANT
 BRODIE
 
 
 
 CLINTON C. HASTINGS
 Attorney at Law
 1634 South Denver Ave.
 Tulsa, OK 74119
 COUNSEL FOR APPELLEE
 BRODIE
 
 
 

OPINION BY: ROWLAND, J.
LUMPKIN, P.J.: Concur
LEWIS, V.P.J.: Concur
HUDSON, J.: Concur
KUEHN, J.: Concur

FOOTNOTES

[1] On our own motion, we consolidate these cases for disposition together for reasons of judicial economy. Rule 3.3(D), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018).

[2] The second part of subsection A of Section 455 also contains a clause criminalizing threats of harm through force/fear to a person with the intent to prevent the person from appearing in court to testify (or produce documents, etc.). OUJI-CR 3-39; 21 O.S.Supp.2013, § 455(A). That clause is wholly superfluous/unnecessary because the first part of subsection A of Section 455 criminalizes willfully preventing testimony regardless of whether there are threats of harm through force/fear. Mehdipour, 1998 OK CR 23 at ¶ 7, 956 P.2d at 914. Such poor writing adds significantly to the difficulty in interpreting and applying subsection A of Section 455.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1990 OK CR 73, 799 P.2d 1131, STATE v. BERRY
Discussed
 2002 OK CR 26, 49 P.3d 756, PINKLEY v. STATE
Discussed at Length
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed
 2016 OK CR 7, 371 P.3d 1127, STATE v. VINCENT
Discussed
 1998 OK CR 23, 956 P.2d 911, 69 OBJ 1303, Mehdipour v. State
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 421, Conspiracy - Definition - Punishment
Discussed at Length
 21 O.S. 453, False Preparation of Exhibits as Evidence
Discussed at Length
 21 O.S. 455, Preventing Witness from Giving Testimony
Discussed at Length
 21 O.S. 504, Perjury by Subornation - Attempted Perjury by Subornation
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 258, Preliminary Examinations and Proceedings Thereon
Cited
 22 O.S. 264, Order Holding Defendant to Answer
Discussed at Length
 22 O.S. 1089.1, State's Right to Appeal
Cited
 22 O.S. 1089.2, Time for Notice of the State's Intent to Appeal -Application
Cited
 22 O.S. 1089.5, Appeal by State of Preliminary Ruling - Standard for Review
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA